IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

FILED
IN OPEN COURT

MAR 2 5 2010

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO. 2:10cr27 |
| v. | ) |
| | ) |
| STEPHEN M. GUNTHER, | ) |
| | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

If this case were to proceed to trial, the evidence presented by the United States would establish the following beyond a reasonable doubt:

1. At all material times, STEPHEN M. GUNTHER, the defendant, was an attorney licensed in Virginia with offices located in Virginia Beach, Virginia.

2. The defendant acted as a settlement agent in connection with the closing of residential real estate loans on the following properties:

    1543 Crescent Pointe Lane, Virginia Beach, Virginia

    145 D View Avenue, Norfolk, Virginia

    7400 Hedgewood Lane, Norfolk, Virginia

    3057 Kenelm Drive, Chesapeake, Virginia

3. The defendant devised and executed a fraudulent scheme and artifice to obtain financing from Fremont Investment & Loan, American Home Mortgage, Diversified Mortgage and Baltimore American Mortgage Corporation to fund the closings on the aforesaid properties, on the basis of HUD-1 Settlement Statements prepared and submitted by the defendant which, as the defendant well knew, did not accurately reflect receipts and disbursement of funds.

4. It was a part of said scheme and artifice to defraud that in connection with the closing on the property located at 1543 Crescent Point Lane, Virginia Beach, Virginia on June 29, 2006, the defendant knowingly violated the closing instructions of the lender, Baltimore American Mortgage Corporation by concealing an agreement that the defendant would advance closing costs and be reimbursed by a third party. The defendant used $8,475.04 of his own personal funds to pay closing costs, which according to the HUD-1 Settlement Statement should have been paid by the buyer. The defendant subsequently received reimbursement of that amount, plus $500.00 in addition to his attorney's fee, from funds listed on the HUD-1 Settlement Statement as an item to be paid to "W.S.L. Elements," all of which was undisclosed on said statement and therefore not known to the lender.

5. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 145 D View Avenue, Norfolk, Virginia on July 31, 2006, the defendant knowingly violated the closing instructions of the lender, American Home Mortgage by concealing an agreement that the defendant would advance closing costs and be reimbursed by a third party. The defendant used $18,281.55 of his own personal funds to pay closing costs, which according to the HUD-1 Settlement Statement should have been paid by the buyer. The defendant subsequently received reimbursement of that amount, plus $930.00 in addition to his attorney's fee, from funds listed on the HUD-1 Settlement Statement as an item to be paid to "W.S.L. Elements," all of which was undisclosed on said statement and therefore not known to the lender.

6. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 7400 Hedgewood Lane, Norfolk, Virginia on August 24, 2006,



the defendant knowingly violated the closing instructions of the lender, Diversified Mortgage, by concealing an agreement between himself and a third party whereby the loan proceeds would be disbursed without the defendant receiving closing costs from the buyer as reflected on the HUD-1 Settlement Statement. In fact, the defendant disbursed loan proceeds without first receiving $110,332.39 in closing costs from the buyer as listed on the HUD-1 Settlement Statement. The defendant knew that the buyer listed on the HUD-1 Settlement Statement was a straw purchaser who would not pay the closing costs. After the loan proceeds were disbursed by the defendant, he was paid the buyer's closing costs from funds listed on the HUD-1 Settlement Statement as an item to be paid to "W.S.L. Elements," all of which was undisclosed on said statement and therefore not known to the lender.

7. It was a further part of said scheme and artifice to defraud that in connection with the closing on the property located at 3057 Kenelm Drive, Chesapeake, Virginia on December 21, 2006, the defendant knowingly violated the closing instructions of the lender, Fremont Investment & Loan, by concealing an agreement between himself and a third party whereby the loan proceeds would be disbursed without the defendant receiving closing costs from the buyer as reflected on the HUD-1 Settlement Statement. In fact, the defendant disbursed loan proceeds without first receiving $21,046.90 in closing costs from the buyer as listed on the HUD-1 Settlement Statement. The defendant knew that the buyer listed on the HUD-1 Settlement Statement was a straw purchaser who would not pay the closing costs. After the loan proceeds were disbursed by the defendant, he was paid the buyer's closing costs from funds listed on the HUD-1 Settlement Statement as proceeds to be paid to the seller, all of which was undisclosed on said statement and therefore not known to the lender. Furthermore, instead of disbursing



$124,626.52 to the seller as reflected on the HUD-1 Settlement Statement, the defendant disbursed $124,545.52 to a third-party, which was also concealed from the lender.

8. In reliance on the HUD-1 Settlement Statements which the defendant knew did not accurately reflect receipts and disbursements of funds, the above-referenced lenders made loans totaling approximately $978,500.00. The notes on said loans were subsequently purchased by other companies who sustained losses when the loans on three of the four properties went into default and two were sold at foreclosure, with one pending sale. As a result, the following losses were sustained:

>Saxson Mortgage Services – $35,000.00 (approximate, pending sale)
>
>Ocwen Loan Servicing – $38,855.56
>
>America's Servicing Company – $58,000.00
>
>Residential Credit Solutions – $78,202.71

9. On or about December 22, 2006, in the Eastern District of Virginia, loan closing funds in the amount of $189,369.35 were wire transferred from Fremont Investment & Loan in Anaheim, California to the defendant's real estate trust account at Bank of Hampton Roads in Norfolk, Virginia.

>Neil H. MacBride
>United States Attorney
>
>By: /s/ Alan M. Salsbury
>Alan M. Salsbury
>Assistant United States Attorney

4

I hereby stipulate that the above Statement of Facts is true and accurate, and that if this case had proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
Stephen M. Gunther

I have reviewed the above Statement of Facts with Stephen M. Gunther and his decision to stipulate to the accuracy of these facts is an informed and voluntary one.

_____
James O. Broccoletti
Counsel for the defendant